IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ciara L. C., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No.: 23-cv-50437 |
|   v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, Ciara L. C., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, Plaintiff's motion to reverse and remand the Commissioner's decision [14] is denied and the Commissioner's motion for summary judgment [17] is granted.

**BACKGROUND**

  A.  Procedural History

    On May 22, 2020, Ciara L. C. ("Plaintiff") filed for disability insurance benefits (Title II) and supplemental security income (Title XVI) alleging disability beginning December 2, 2019. R. 201. The Social Security Administration ("Commissioner") denied both applications on July 29, 2020, and upon reconsideration on July 28, 2021. *Id*. Administrative Law Judge ("ALJ") Jessica Inouye held a hearing on Plaintiff's application on January 11, 2022, and issued a written opinion on May 3, 2022, finding that Plaintiff was under a disability from December 2, 2019, through January 1, 2021. The ALJ found that Plaintiff's disability ended on January 2, 2021. R. 201-215. In her ruling, the ALJ assessed two residual functional capacities ("RFC") – one for the closed period of disability, December 2, 2019, through January 1, 2021, R. 205-10, and one for the period of medical improvement beginning on January 2, 2021. As to that decision, the Appeals Council affirmed the finding of the closed period of disability but determined that the decision did not properly address the finding of medical improvement as of January 2, 2021. R. 10. The case then came before ALJ Inouye on remand from the Appeals Council. In the remand order, the ALJ was directed to:

- Further evaluate Plaintiff's mental impairments;
- Give further consideration to Plaintiff's maximum RFC during the entire period at issue;
- Evaluate the issue of disability cessation in accordance with 20 CFR 404.1594 and 416.994; and
- Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitation on the Plaintiff's occupational base.

R. 10-11. A video hearing was held on April 4, 2023, on this remand. *Id*. At the hearing, Plaintiff was represented by counsel, appeared and testified. *Id*. Jim Radke, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On July 3, 2023, the ALJ issued her written opinion addressing only the period beginning January 2, 2021, through the date of decision. The ALJ found that on January 2, 2021, medical improvement occurred that was related to Plaintiff's ability to work, and Plaintiff had been able to perform past relevant work from that date through the date of decision. Therefore, Plaintiff's disability ended on January 2, 2021. R. 10-24. Plaintiff appealed this decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c) [6]. Now before the Court are Plaintiff's motion for summary judgment [14] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [17]. Plaintiff filed a reply brief as well [18].

B.  The ALJ's Decision

In her ruling, the ALJ followed the eight-step statutorily required factors for Plaintiff's Title II claim, and seven-step process for her Title XVI claim, to determine medical improvement pursuant to 20 CFR § 404.1594 and 416.994. The ALJ concluded that medical improvement (related to Plaintiff's ability to work) occurred as of January 2, 2021which altered Plaintiff's RFC enough that allowed Plaintiff to work. R. 10-24. Accordingly, Plaintiff's disability ended as of that date.

Specifically, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since January 2, 2021. R. 13. Next, the ALJ found that beginning January 2, 2021, Plaintiff had the following severe impairments: right hip degenerative joint disease; right total hip replacement; left hip osteoporosis; left hip arthrosis; left hip total replacement; scoliosis; chronic obstructive pulmonary disease (COPD); and asthma. R. 13-16. At steps 3 and 4 (of Plaintiff's Title II claim; steps 2 and 3 for her Title XVI claim), the ALJ determined that medical improvement had occurred as of January 2, 2021, and that the medical improvement was related to Plaintiff's ability to work because there had been an increase in Plaintiff's RFC. R. 17-18. Next, the ALJ found that Plaintiff had the RFC to perform sedentary work except no climbing ladders, ropes, or scaffolds but could occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, or crawl. Plaintiff would need an indoor temperature-controlled work environment and should avoid concentrated exposure to extreme temperatures or pulmonary irritants. Plaintiff should avoid hazards including unprotected heights and moving dangerous machinery. R. 18. Beginning January 2, 2021, Plaintiff was capable of performing past relevant work as a customer order clerk. R. 22. This work, according to the ALJ, did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id*. Therefore, the ALJ concluded that beginning January 2, 2021, Plaintiff was not under a disability as defined by the Social Security Act and had not been under a disability through the date of decision, July 3, 2023. R.24.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek*, 139 S.Ct. at 1153). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues the ALJ erred by (1) failing to account for Plaintiff's testimony regarding medical treatment gaps and need for additional treatment; (2) improperly "playing doctor" in finding medical improvement; and (3) failing to explain the change in Plaintiff's RFC after finding medical improvement. Plaintiff also argues the VE relied on obsolete jobs when giving testimony, resulting in an improper Step 5 denial. The Court finds that the ALJ's determinations were supported by substantial evidence. Therefore, the decision is affirmed.

First, Plaintiff argues that the ALJ erred by failing to account for Plaintiff's testimony regarding medical treatment gaps and the need for additional treatment. Plaintiff supports this argument by taking the position that the ALJ committed three factual and legal errors. First, Plaintiff contends that the ALJ committed a factual error by finding a left total hip replacement as a severe condition as of January 2, 2021, since that surgery did not occur until August 2022. Plaintiff argues this is important because the ALJ's failure to account for Plaintiff's testimony

3

regarding her future left hip replacement at the prior proceeding was one reason for the Appeals Council remand. The Court disagrees that this was what the Appeals Council required. On November 17, 2022, the Appeals Council entered an order vacating the ALJ's May 3, 2022, decision and (relevantly) directing the ALJ to issue a new decision addressing medical improvement: "Although the decision finds claimant's disability ceased on January 2, 2021, there is no finding of medical improvement. While the Council takes note there is a separate residual functional capacity for that period, a finding of medical improvement related to the ability to work is necessary (20 CFR 404.1594 and 416.994)." R. 224. The Court declines to find a factual error as described by Plaintiff based on this record. Second, Plaintiff complains that the ALJ improperly discounted her testimony regarding gaps in her medical treatment for her surgeries. Specifically, she states that the ALJ failed to account for her testimony regarding her future left hip surgery. To the extent that Plaintiff's argument refers to the ALJ's vacated 2022 decision, the argument is irrelevant. Nevertheless, the ALJ did acknowledge in Plaintiff's RFC determination that "due to her advanced arthritic changes, the claimant had total left hip replacement in August 2022 and referral for post-surgery physical therapy." R. 20. Following the surgery, imaging of Plaintiff's bilateral lower extremities in March 2023 revealed no evidence of neuropathy, polyneuropathy, radiculopathy, or myopathy. *Id*. As to the ALJ referencing "gaps" in Plaintiff's medical treatment, the ALJ only references a "gap" from May 2021, when she saw her surgeon for her right hip surgical follow-up who reported improvement, to December 2021, when Plaintiff presented to her primary care physician for a physical exam and was found to be in no acute distress and did not report nor was observed to be using a cane. Plaintiff's argument regarding a gap in treatment due to her seeking a right hip revision surgery based on an allegation of medical malpractice is undeveloped and unsupported by the record. Plaintiff's final allegation regarding error is a one sentence argument with no specific examples that the ALJ's decision fails to cite evidence that supports her conclusions while also ignoring favorable findings for Plaintiff. The Court's review of the ALJ's decision reveals that the ALJ did an adequate job supporting the decision with specific references to the medical record. Additionally, the ALJ took into consideration the Plaintiff's statements and testimony, as well as third-party reports and notations from the medical record that indicated "favorable findings" for Plaintiff. The Court notes that its "review proceeds with a light touch – not holding ALJs to an overly demanding evidentiary standard and in turn reinforcing that claimant bear the affirmative burden of proving their disability." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025).

Second, Plaintiff contends that the ALJ erred by improperly "playing doctor" in finding medical improvement. The crux of this argument appears to be that the ALJ did not explain why she chose January 2, 2021, as the date of medical improvement. However, the ALJ's decision details that Plaintiff repeatedly reported medical improvement following her right hip revision surgery beginning in January 2021, including an inconsistent use of a cane, a post-operative report noting she was "doing better," good passive range of motion in her right hip, intact sensation and motor function throughout her right lower extremity, and x-rays demonstrating healing. R. 18. Plaintiff appears to counter this by noting that she remained in active treatment for her right hip during this period of time. [14], pp. 7-9.[1] Yet, being in "active treatment" does not forgo a finding

---

[1] Plaintiff also argues no medical improvement occurred because she underwent a left hip surgery less than a year after the period of "improvement." The record reflects that Plaintiff's left hip replacement surgery took place in June 2022 – more than a year following the ALJ's determination. Regardless, this surgery is not relevant to the ALJ's finding of medical improvement.

4

of medical improvement. Relevantly, "medical improvement" is defined as: "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1). As noted, the ALJ's review of the record showed medical improvement in Plaintiff's symptoms, examinations, and imaging, beginning in January 2021. Remaining in treatment does not forgo a finding of medical improvement. Additionally, the ALJ's assessment of Plaintiff's medical record does not constitute "playing doctor" in this instance. Plaintiff misconstrues what is meant by "playing doctor." *See e.g. McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) ("…we have said repeatedly that an ALJ may not 'play doctor' and interpret new and potentially decisive medical evidence without medical scrutiny" (citations and quotations omitted).).

Third, Plaintiff argues that the ALJ failed to explain the change in the RFC determination after finding medical improvement. Specifically, she notes that the ALJ who held the first hearing removed the need for additional breaks away from the workstation. She argues that the ALJ merely adopted the prior findings and did not further evaluate the RFC, failing to provide a "logical bridge" from the evidence to her conclusions. As noted above, the Appeals Council directed the ALJ to further consider Plaintiff's maximum RFC. The sum of Plaintiff's argument is that the ALJ, while making a finding regarding Plaintiff's medical improvement, "failed to address how or why she made those conclusions," and "paid limited lip service to the record." In her RFC determination, the ALJ first reviewed Plaintiff's testimony, function report, and third-party report from Plaintiff's mother. The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the Plaintiff's statements concerning the intensity, persistence, and limited effects of the symptoms were not entirely consistent with the medical and other evidence of record. R. 19. In support of this, the ALJ noted Plaintiff's May 2021 surgical follow-ups which indicated improvement, including Plaintiff's intact sensation and motor functioning in her right lower extremity, right hip range of motion with no significant discomfort, and updated x-rays showing right hip components in good position. R. 19-20. Next, the records reflected Plaintiff presenting to her primary care provider in December 2021 with no acute distress and no cane use or observation of cane use. R. 20. The ALJ then remarked that in February 2022, on physical examination, Plaintiff showed intact gait. *Id*. As to medical opinions and prior administrative medical findings, the ALJ noted that in July 2020, the Disability Determination Services medical consultant reviewed Plaintiff's records and opined that Plaintiff had some limitations in her RFC. In July 2021, the DDS consultant concurred with this opinion. R. 21. The Court finds the ALJ's RFC assessment more than adequate to find that substantial evidence supports her conclusions. As stated above, the ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. Here, the ALJ sufficiently explained how she came to her RFC conclusions and supported her decision with specific and adequate references to Plaintiff's medical record.

Plaintiff's final argument is that the VE relied on obsolete jobs when testifying, resulting in an improper step 5 denial. However, the ALJ found that Plaintiff was able to perform her past relevant work as a customer order clerk. R. 22. The ALJ's decision notes that the VE testified that the assigned RFC would allow Plaintiff to maintain this job as performed. R. 22. However, the

ALJ went on to note that, in the alternative, there were other jobs in significant numbers in the national economy that Plaintiff could also perform. Plaintiff argues that these jobs – surveillance system monitor, call out operator, and document preparer – have long been considered obsolete occupations. [14], p. 10. Because the VE testified to these obsolete jobs, Plaintiff makes the argument that the VE's testimony is unreliable as a whole and therefore the ALJ's decision is not based on substantial evidence. The Court is unpersuaded by this argument. The ALJ's "alternative" finding at step 5 is irrelevant. The relevant portion of the ALJ's decision is the finding that Plaintiff was capable of performing past relevant work (not an obsolete job). This relevant finding by the ALJ is not contested by Plaintiff and, therefore, the Court declines to give it further consideration.

The Court finds that substantial evidence supported the ALJ's determination that Plaintiff medically improved on January 2, 2021, through the date of decision, July 3, 2023, and was able to perform sedentary work. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023) (substantial evidence supported ALJ determination that plaintiff had the RFC to "perform no more than sedentary work…based on his independent review of the full evidentiary record").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse and remand the Commissioner's decision [14] is denied and the Commissioner's motion for summary judgment [17] is granted.

Date: July 25, 2025          ENTER:

_Margaret J. Schneider_
United States Magistrate Judge